IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>ANTHONY DAVIS, )<br>)<br>Defendant. ) | Case No. 21-30020 |

OPINION

RICHARD MILLS, United States District Judge:

Anthony Davis seeks Revocation of the Detention Order.

On April 27, 2021, a Detention Hearing by video/audio as to Davis was held before United States Magistrate Judge Tom Schanzle-Haskins. After the Parties proffered evidence and made arguments, the Court ordered that Davis be detained. Pursuant to 18 U.S.C. § 3145(b) and Federal Rule of Criminal Procedure 59, Davis asks the Court to revoke the detention order and release him on bond to strict home detention with a Third Party Custodian at his home, pending resolution of this case.

The Court has reviewed the entire record, including the recording of the Detention Hearing and the Pretrial Services Report.

1

Davis is charged by Indictment with Illegal Possession of a Firearm after a Felony Conviction, in violation of 18 U.S.C. § 922(g)(1). In his Order of Detention [d/e 12], Judge Schanzle-Haskins found that the Government had proffered that "defendant possessed a loaded firearm and an extended magazine when his car was searched after a traffic stop." Moreover, Davis was driving the car while his license was suspended. The magistrate judge found, pursuant to the Government's proffer, that the weight of the Government's evidence against Davis is strong.

As for Davis's history and characteristics, the magistrate judge noted: (1) he was homeless from June 2020-February 2021 and lived alone in a home without running water at the time of his arrest; (2) he had a sporadic employment history consisting of short term and unsteady jobs; (3) his criminal history suggests he is unlikely to follow conditions—he has previously failed to comply with sex offender registration requirements and he committed a criminal offense and has been charged with the instant offense while on conditional discharge for other offenses; and (4) he has a history of non-compliance with court-imposed conditions and a history of parole violations.

Davis contends the magistrate judge's Order afforded too much weight to the sex offender violations on his record, with the most recent arrest being seven years ago and his current registration being up to date. Moreover, he claims the Order gave too much weight to his history of non-compliance with juvenile parole. Davis

further alleges the Order gave too much weight to his recent living arrangements, improper weight to his former homeless status and sporadic employment history and did not properly consider his proposed third party custodian. In contrast to those findings, Davis asserts conditions can be imposed that would mitigate any concern of risk of flight or danger to the community.

The Government claims Judge Schanzle-Haskins properly weighed and addressed each statutory factor and found those factors weighed in favor of detention and ordered Davis's detention pending trial.

Davis notes the felony offense which requires him to register as a sex offender occurred when he was 13-years old. His other felonies involve two failures to register as a sex offender and assault on a police officer in 2013 and 2014. Davis claims these offenses are too old to be part of the analysis on bond or detention. At the time of the registration offenses, Davis was 23-years old. He is now 30. Because there is evidence that adolescent brains do not fully develop until age 25, Davis contends these offenses should not carry the same weight as offenses committed over the age of 25, especially when considerable time has elapsed since those arrests. Davis's sex offender registration was current at the time of the detention hearing.

Davis also takes issue with the magistrate judge's reliance on information in the Pretrial Services Report relating to Davis's conduct while on juvenile parole, which included "missing appointments and counselling sessions . . . having contact

with people with felony convictions and for electronic monitoring violations." All of those violations occurred between the ages of 13 and 21 and, according to Davis, should not weigh heavily in deciding whether to grant bond with conditions today.

Even if Davis's early criminal conduct and other violations are not weighed as heavily, Davis was charged in May 2019 with Theft of Property worth more than $500 but less than $10,000. He was convicted in August 2020 and sentenced to 24 months' probation, which was converted to 24 months' conditional discharge. In March 2020, Davis was charged with identity theft resulting in a loss of more than $300. He was convicted in August 2020 and sentenced to 24 months' probation, restitution, fines and costs. Subsequently, the probation was converted to 24 months' conditional discharge. Davis also has two driving on suspended license convictions since 2019, in addition to a pending driving on suspended license charge.

Davis was on conditional discharge for the 2019 theft offense when he committed the 2020 identity theft offense. He was on conditional discharge for both of those offenses when he is alleged to have committed the instant offense. In terms of an individual's history and characteristics, one of the relevant considerations is whether "the person was on probation, on parole or on other release" for an offense. *See* 18 U.S.C. § 3142(g)(3)(B)  That recent conduct by Davis as an adult in his late 20's is consistent with his failure to comply with sex offender requirements in his younger 20's, in that the second offense was committed while he was on probation.

If Davis's criminal activity had ended after his failure to report as a sex offender convictions, he would have a stronger argument. As noted above, the criminal activity has continued. Davis committed multiple parole violations when he was under 25. He also failed to appear in court on Macon County cases in 2019 and 2020. In failing to comply with the law and by ignoring court-imposed conditions, Davis's conduct in his late 20's and age 30 has been fairly similar to his conduct as a younger man. Given that history, the magistrate judge's finding that Davis is unlikely to follow conditions is supported by the record.

Davis claims the magistrate judge gave improper weight to his residential and employment status. While he was recently homeless in Texas, Davis was not homeless at the time of his arrest. The lack of running water at his home was a temporary issue that was to be remedied the week of his arrest. While Davis was living alone when arrested, his god-brother, James Jackson, agreed to act as a third-party custodian at Davis's home or allow Davis to reside with him. Jackson was not ordered to be investigated for custodian eligibility. Davis contends the magistrate judge put undue emphasis on factors relating to his residence. Additionally, Davis was recently working five jobs for income, including as a state-approved personal assistant for his autistic brother.

Davis's plans for employment included an unsalaried position as a church pastor for a church he is planning to start, even though he is a registered sex offender.

5

That could be problematic depending upon who is permitted to attend the church. The Government notes Davis's residence is connected to the church he plans to start and—at the time the issue was before Judge Schanzle-Haskins-- was not suitable for home confinement due to a lack of basic living conditions. While Davis may have had multiple sources of income in recent years, the magistrate judge was entitled to consider Davis's recent history of residing in another state, his recent history of homelessness and substandard current housing in determining whether any set of conditions would reasonably assure his appearance.

Upon reviewing the record, the Court finds no basis to revoke the Detention Order. Davis is accused of possessing a loaded handgun and an additional extended magazine loaded with ammunition. While he was not committing a violent act or brandishing the weapon, the charged offense is still serious. Davis's history of committing offenses while on probation or conditional discharge is also problematic.

Based on the Government's proffer, Judge Schanzle-Haskins found that it has a strong case. The magistrate judge considered the applicable factors. Upon reviewing the record, the Court concludes that the magistrate judge's determination that Davis is unlikely to abide by any condition or combination of conditions of release and that no condition or conditions of release exist that would reasonably assure the appearance of Davis and the safety of other persons and the community has ample support.

For all of these reasons, the Court has no basis to revoke the Detention Order.

<u>Ergo</u>, the Motion of Defendant Anthony Davis for Revocation of the Detention Disorder [d/e 15] is DENIED.

ENTER: May 25, 2021

    FOR THE COURT:

                  <u>/s/ *Richard Mills*</u>
                  Richard Mills
                  United States District Judge